UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **OTIS PARHAM, JR.,** )<br>)<br>     **Plaintiff,** )<br>)<br>     v. )<br>)<br>**GENERAL MOTORS CORP.,** )<br>)<br>     **Defendant.** ) | CAUSE NO. 1:06-CV-370 |

## OPINION AND ORDER

Before the Court is a motion for appointment of counsel (Docket # 20) filed by *pro se* Plaintiff Otis Parham, Jr., in this discrimination case against his employer, Defendant General Motors Corporation. In response to his motion, the Court instructed Parham to submit a Questionnaire for Appointment of Counsel (Docket # 21), which included the requirement that Parham provide the names and addresses of at least three attorneys he contacted, the dates he contacted them, and the reasons they refused to take his case.

On Parham's completed Questionnaire, Parham stated that he contacted Legal Shield and he provided the names of three attorneys. (*See* Questionnaire for Appointment of Counsel ¶ 6.) However, Parham failed to provide their contact information and gave no reasons why they refused to take his case. He also wrote that his answer was attached to the questionnaire, but no such attachment or explanation was included. His failure to meet this threshold requirement is fatal to his request for appointment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining

whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Jackson*, 953 F.2d at 1073)).

Moreover, it does not appear that Parham is indigent. He recites that he makes $80,000 per year and owns a home worth $110,000. (*See* Questionnaire for Appointment of Counsel ¶¶ 1, 4.) Certainly, Parham is in a position to secure his own counsel and it should not be up to the Court to recruit an attorney to represent him in what appears to be a case of dubious merit.

Therefore, Parham's motion for appointment of counsel (Docket # 20) is DENIED.

Enter for this 14th day of November, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge